IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DIRECTV, INC.,**

      **Plaintiff,**

**v.**            No. CIV 04-315 RB/RLP

**TUNG TRINH,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on Plaintiff DIRECTV's Motion to Compel Supplemental Discovery Responses from Defendant Tung Trinh, filed October 14, 2004 [Doc. No. 22]. Defendant Tung Trinh ("Trinh") filed a response [Doc. No. 23]. There was no reply. After careful consideration of the pleadings, attachments and pertinent law, the Court determines that DIRECTV's motion to compel should be granted in part and denied in part for the reasons explained below.

### Background

On March 19, 2004, DIRECTV filed a lawsuit against Trinh seeking monetary damages and injunctive relief [Doc. No. 1]. DIRECTV brought the lawsuit under several federal statutes that prohibit the interception of satellite communications. DIRECTV is a distributor of satellite television programming. According to the Complaint, DIRECTV uses encryption technology to prevent unauthorized use of its broadcasts by people or businesses that have not paid DIRECTV for its

1

services. DIRECTV states that it uses removable access cards (about the size of credit cards) that store and apply the information necessary to unscramble satellite signals. The programmable nature of these access cards allows DIRECTV to permit access of its broadcasts to its customers.

DIRECTV alleges that on February 6, 2001 Trinh purchased a "Viper Reader/Writer + Viper Super Unlocked" which is designed to permit illegal programming of DIRECTV access cards. DIRECTV further contends that Trinh illegally accessed DIRECTV programming without paying for its services.

**Motion to Compel**

On August 11, 2004 DIRECTV served interrogatories, document requests and a request for inspection on Trinh, who served responses and objections on September 3, 2004. DIRECTV contends that Trinh provided inadequate answers to its discovery requests and raised objections in violation of the Federal Rules of Civil Procedure. DIRECTV also asserts that Trinh failed to substantively respond to its good faith efforts to resolve this matter without the need to bring its motion to compel. DIRECTV specifically seeks more complete responses to Interrogatory Nos. 1, 6, 7, 8 and 10, Request for Production Nos. 1, 2, 3, 11, 12, and 24, and Request to Inspect Nos. 1 and 2. DIRECTV asks for attorney fees and costs related to filing this motion.

**Legal Standard**

The starting point for discovery disputes is Fed. R. Civ. P. 26(b)(1). Rule 26 vests the court with broad discretion to tailor discovery as needed. Crawford-El v. Britton, 523 U.S. 574, 598, 118 S.Ct. 1584, 1597 (1998). The discovery rules provide federal courts with ample discretion to restrict discovery where the burden or expense of the proposed discovery outweighs its likely benefit. Bosaw

v. National Treasury Employees' Union, 887 F. Supp. 1199, 1213 (S. D. Ind. 1995); Committee Notes to 2000 Amendments to Fed. R. Civ. P. 26(b).

Rule 37(a)(2) of the Federal Rules of Civil Procedure permits a party to file a motion to compel responses when the opposing party fails to answer a discovery request. If a party provides evasive or incomplete responses, such responses are treated as a failure to answer under the rules. Fed. R. Civ. P. 37(a)(2)(B)(3). Rule 37 also authorizes a court to impose sanctions for inadequate discovery responses.

## Analysis

### A. Interrogatory No. 1

DIRECTV requested Trinh to identify "any and all individuals or entities" from whom he obtained "any part of a System, including Access Card(s)" listing specifically what item was obtained, the date it was obtained, the amount paid, the individual or entity responsible for installing the System and the current location of such item. The discovery requests defined "the System" as electronic equipment used to access DIRECTV's satellite programming, regardless of who manufactured such equipment.

Trinh responded that he never had "any DirecTV equipment in his possession." However, the interrogatory asks for more than whether Trinh possessed "DirecTV equipment." Trinh did not answer whether he obtained any electronic equipment that could be used to access DIRECTV's satellite programming. DIRECTV asserts that its initial disclosures revealed that Trinh had access to DIRECTV's programming signal and that he should be compelled to answer this interrogatory. The Court agrees. Trinh is ordered to respond to Interrogatory No. 1 and all of its subparts. To the

extent that his response to Interrogatory No. 2 does not fully answer Interrogatory No. 1, he is compelled to provide any additional requested information to Interrogatory No. 1.

**B.      Interrogatory No. 6**

DIRECTV requested the identity of any other person responsible for the claims made by DIRECTV and its damages if Trinh asserts that some other person is responsible. To the extent that Trinh did identify anyone else, he was to provide the basis for his contention(s). Trinh answered that "[t]he persons responsible for the claims . . . are the Plaintiff, its counsel, and possibly the manufacturers and distributors of the electronic component in question." Trinh denied that DIRECTV suffered any damages. Trinh provided further argument in his response to the motion to compel that demonstrates his apparent anger or frustration with DIRECTV and this lawsuit. However, those arguments are unhelpful in resolving this dispute. Because Trinh identified other entities whom he believes are responsible for the claims made by DIRECTV, he now is compelled to provide a factual basis for those contentions.

**C.      Interrogatory No. 7; Request for Production No. 24**

DIRECTV requested that Trinh fully explain the complete factual basis for six of his affirmative defenses, including failure to state a claim, lack of standing to bring a claim, statute of limitations bar, waiver, estoppel and laches, failure to mitigate and DIRECTV's own comparative negligence. Trinh filed brief substantive answers to the interrogatory that DIRECTV contends are inadequate.

This interrogatory is essentially a contention interrogatory that asks for an application of facts to the legal principles asserted. Contention interrogatories that call for application of law or facts are proper and can be helpful in narrowing or sharpening the issues, which is a major purpose of

discovery. But they must be used at the close of discovery. An interrogatory may reasonably ask for the material or principal facts which support a party's contentions in the case. IBP, Inc. v. Mercantile Bank of Topeka, 179 F.R.D. 316, 321 (D. Kan. 1998). But "to require specifically" "each and every fact and application of law to fact" . . . . "would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary and perhaps irrelevant and trivial details." Id.

Trinh did not specifically object that this was an improper contention interrogatory, although he did state that the factual basis for his position might change as discovery was ongoing. Of course, to the extent, that more information reveals the need to supplement any of his responses to discovery requests, Trinh should provide the supplemental responses in accordance with the pertinent rules.

Trinh asserted in response to the interrogatory that DIRECTV could not prove signal interruption, and therefore, had no standing to bring this lawsuit. He also responded that DIRECTV's claims are time-barred because it had the opportunity to learn of the interception of its signal more than two years before bringing this lawsuit. Trinh alleged that DIRECTV "routinely instructed subscribers, including [himself], to destroy access cards when they were replaced by newer models . . . ." and that DIRECTV failed to take reasonable steps to protect its signal from interception.

The Court orders Trinh to provide the factual bases for his assertions that DIRECTV could not prove signal interruption, could have learned of the interception of its signal more than two years before bringing the lawsuit, routinely instructed subscribers to destroy access cards, how those destroyed access cards would have provided relevant and exculpatory evidence, and what reasonable steps DIRECTV could have taken to protect its signal.

Document Request No. 24 asks for production of all documents, etc. that Trinh may use to support his claims or defenses. Trinh responded that he will use the devices he purchased, a book entitled "Smart Card Handbook 2nd" and "possibly other books" to support his claims or defenses. In his response to the motion to compel, Trinh stated that he had identified the exhibits of which he is presently aware in response to Request for Production No. 9. However, in response to that request, he stated only that no documents responsive to Request for Production 6-9 are in his possession and that no documents exist anywhere.

Trinh is compelled to produce the documents and/or items that he did identify and also to identify the possible other books that might support his claims, should he be able to identify those materials.

**D.      Interrogatory No. 8**

DIRECTV asks that Trinh describe fully any and all communications he had with any representative of DIRECTV. He responded that he received demand letters from DIRECTV before it filed this lawsuit but that no other communications between the parties had occurred. DIRECTV argues that Trinh should be required to fully describe those demand letters by identifying the people taking part in the communication, the substance of the letter and the date of the letter. Trinh states he identified DIRECTV's own communications and that DIRECTV is in the best position to know the communications it generates. The Court agrees and will not require any further supplementation of this interrogatory response by Trinh.

**E.      Interrogatory No. 10**

DIRECTV asks Trinh to describe any communication between him and any person regarding this lawsuit. He responded that he discussed the lawsuit with his family and attorney. He declined

to further respond based on attorney-client and spousal privileges. DIRECTV argues that Trinh should be required to provide any information discussed between him and a non-spousal member of his family. Trinh asserts that he did not discuss the lawsuit with anyone other than his attorney and spouse. The Court will not require Trinh to supplement this response.

**F.      Request for Production Nos. 1, 2, 11 and 12**

In Request No. 1, DIRECTV asks for a list of all credit cards and their numbers issued in Trinh's name "or for cards for which he paid charges incurred between and including the months of 8/6/2000-1/31/2002." With respect to this request, DIRECTV further states that it agreed at Trinh's request to enter into an appropriate confidentiality agreement. Request No. 2 asks for all documents relating to payments, credits or debits for "Unauthorized Access Devices," etc. Request No. 11 seeks all documents reflecting or relating to the purchase or sale or use or trade of Unauthorized Access Devices bought, sold or used by Trinh. Request No. 12 seeks all documents regarding shipping records related to shipments of Unauthorized Access Devices.

Trinh states that Request No. 1 is more of an interrogatory than a document request but then agrees to respond to the request upon execution of a proper confidentiality agreement. In view of his agreement, Trinh's objection makes no sense. In addition, the Court observes that a confidentiality agreement has been entered. Thus, Trinh is ordered to provide the requested information.

With respect to Request Nos. 2, 10 and 11, Trinh objects to DIRECTV's characterization of the access devices as "unauthorized." Trinh's objection that a request is "pejorative, conclusory, prejudicial and inaccurate" does not relieve him from producing a document that is relevant and not privileged, although he is free to state that he disagrees with the characterization. Trinh makes a

7

number of other objections and then states that, without waiving those objections, he has no documents in his possession that are responsive to these requests.

The requests all seek information related to records that Trinh apparently could obtain or access, should those records have existed. In other words, even though Trinh may not currently possess those records, he is not relieved from requesting those documents from his credit card companies and/or other financial institutions and then producing them. Therefore, Trinh is required to produce the requested information as defined by DIRECTV's definitions of "access cards" and "access devices" on page 2 of its requests for production. In addition, the requests are all limited to the time period of 8/6/2000 through 1/31/2002.

G.      **Request for Production No. 3**

DIRECTV asks for a list of all banks and account numbers in which Trinh had accounts in his name or for which Trinh was responsible from 8/6/2000 to the present. The request also seeks bank statements for the same. Trinh again objects that this request is more akin to an interrogatory than a document request and also that it is unduly burdensome and oppressive because it is unlimited in time. Trinh then states he has no such documents in his possession. The Court questions whether the request is relevant and/or duplicative of other similar requests; however, Trinh did not make those objections.

The request is limited in time contrary to Trinh's assertion. The fact that Trinh does not now have these documents in his possession does not mean he cannot access them. Therefore, the Court requires Trinh to produce the requested information for the period of 8/6/2000 through 1/31/2002.

### H. Request to Inspect and Test Nos. 1 and 2

DIRECTV requested, pursuant to Fed. R. Civ. P 34, to inspect and test "all access cards and unauthorized access devices" and "all equipment" related to a DIRECTV system. Trinh made his usual objections regarding the characterization of "unauthorized access devices," but stated that he has a smart card programming device that may be inspected by DIRECTV. He asserted that he had never had a DIRECTV access card and "does not have possession" of DIRECTV satellite dishes, receivers, access cards or any other equipment related to a DIRECTV system.

DIRECTV argues in its motion that Trinh's response has to be incorrect in view of initial disclosures showing that Trinh had a pending DIRECTV account indicating purchase of a DIRECTV system. DIRECTV asks for production of that system if Trinh still possesses it. If he conveyed or disposed of it in some way, he is requested to explain to whom he transferred it and/or the date of destruction/disposal/transfer. Trinh argues that DIRECTV insists on believing a version of events that never transpired and that he never possessed a "DirecTV system."

It is not entirely clear to the Court whether Trinh has fully and properly responded to the request. To the extent that such information exists, Trinh is now required to respond as follows: (1) produce all access cards and access devices as defined by DIRECTV in its definitions contained on page 2 of the Requests for Production and "any equipment" related to a DIRECTV system that Trinh possesses now or did possess during the period of 8/6/2000 through 1/31/2002; (2) identify any such items that Trinh did possess during this time period, but that he no longer possesses, together with information regarding what occurred to these items as requested by DIRECTV.

I.      **Request for Fees and Costs**

Under Rule 37, the Court could assess fees and costs against Trinh, but the Court declines to do so on this occasion. However, Trinh is advised to make a good faith effort to resolve these types of discovery disputes short of filing a motion in accordance with Rule 37(a)(2)(A). To adequately confer for purposes of this rule means "to hold a conference; compare views; consult together." Hoelzel v. First Select Corp., 214 F.R.D. 634 (D. Colo. 2003). Trinh is also advised to provide proper answers and objections in accordance with the pertinent rules. *See, e.g.,* Fed. R. Civ. P. 33(b), 34, 37(a)(3). To do otherwise risks sanctions.

## Conclusion

For the reasons stated herein, DIRECTV's motion to compel is granted in part and denied in part. To the extent Trinh has been ordered to produce additional information, he must make that information available to DIRECTV within fifteen days of the entry date of this Opinion.

IT IS THEREFORE ORDERED that DIRECTV's Motion to Compel Supplemental Discovery Responses from Defendant Tung Trinh [Doc. No. 22] is GRANTED in part and DENIED in part, and that Trinh must produce additional responses as described herein by no later than fifteen days of the entry date of this Opinion.

Richard L. Puglisi
United States Magistrate Judge